**In the Matter of SWANTON CORPORATION, Kernerco Leasing, Co., Debtors.**

**Roger DAUGHERTY and Janice Daugherty, Clifford Maynard, Thelma Maynard, Gale C. Maynard and Clifford Maynard as executor of the Estate of Berlin Maynard, Leon Huffman and Ruth Huffman, Marvin Thompson, and Birdie Thompson, and Ferrel Thompson and Lassie Thompson, Movants,**

v.

**KENERCO LEASING, INC., Respondent.**

**Bankruptcy Nos. 85 B 10523 (PBA), 85 B 11488 (PBA).**

United States Bankruptcy Court, S.D. New York.

March 11, 1986.

Booth, Marcus & Pierce, New York City, for debtors.

Patterson, Belknap, Webb & Tyler, New York City, for movants.

### MEMORANDUM DECISION

PRUDENCE B. ABRAM, Bankruptcy Judge:

The parties have put to the court for resolution an issue respecting the interpretation to be given to Bankruptcy Code § 365(d)(3), a provision added in July 1984 by the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA"). This section provides, *inter alia:*

"The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

The leases in question have been rejected. The leases provide for the payment of rent in the form of a single annual installment. The rejections occurred only a few months into the annual period covered by the rental.

The lessors insist that the provision of Code § 365(d)(3) quoted above mandates that the court direct that the entirety of the annual installment be paid, even though rejection took place before the conclusion of the year covered by the installment. The debtor asserts that the annual pay-

ment should be prorated for the portion of the year before rejection.

This court rejects the lessor's argument. The purpose of the BAFJA amendment to Code § 365(d)(3) was to fix the amount required to be paid at the level required by the contract. This altered the prior rule that the debtor was liable only for the reasonable value of the use and occupancy of the premises, an amount which could be, but was not necessarily, the rent reserved in the lease. Proration and reasonable value are different concepts. Nothing in the rationale for the BAFJA amendment to Code § 365(d)(3) suggests that temporal proration is inappropriate. There is no reason why a debtor who rejects a lease after three months should be required to pay a full year's rental, particularly when the lessor has regained possession of its property.

Were proration not required, one of the lessors here whose annual payment was required just before the petition was filed would be left without any remedy. The BAFJA amendment to Code § 365(d)(3) eliminates the no-rent outcome to the lessor possible previously. Thus, *Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2d Cir. 1982) and *In re Concert Arts Society, Inc.*, 38 B.R. 355 (Bankr.S.D.N.Y.1983) have been effectively legislatively overruled. Indeed, in any case where a lease were involved except one providing for daily rental, if the lessor's position were correct, a debtor in possession could get a windfall, usually of almost a month's rent, by simply filing a day after the rental were due and the lessor would be unable to get the Code § 362 stay lifted because no payment was due. Equity requires proration.[1]

The debtor is directed to settle an appropriate order.

1. Because rejection has in fact occurred here, this court need not consider whether prior to rejection the annual payment must be paid, subject to remittitur on rejection.